**AMERICAN SAMOA GOVERNMENT, Plaintiff**

**v.**

**ATUALEVAO MEREDITH, TOAONO KELEMETE, and JOHN DOES 1-10, Defendants**

High Court of American Samoa
Land and Titles Division

LT No. 19-94

October 10, 1996

Before RICHMOND, Associate Justice, AFUOLA, Associate Judge, and LOGOAI, Associate Judge.

Counsel:     For Plaintiff, Henry W. Kappel, Assistant Attorney General
             For Defendants, Albert Mailo and Solomona Toailoa, Pro Hac Vice

Order Denying Stay of Execution of Judgment Pending Appeal:

The court granted summary judgment in this action to plaintiff on April 26, 1995, and denied the motion for reconsideration, new trial or relief from judgment on June 27, 1995. Defendants timely appealed on July 7, 1995.

Defendants have first, and properly under A.C.R. 8(a), applied to the trial court for a stay of execution of the judgment pending appeal. We regularly heard the motion on October 7, 1996, and now deny the application.

Judgments of this court in non-criminal actions cannot be stayed pending appeal except for cause shown. A.S.C.A. § 43.0803. We will discuss the issue of cause, using the interrelated criteria which are well set forth in *Asifoa v. Lualemana*, 17 A.S.R.2d 100, 102 (Appellate Div. 1990). *See also Asifoa v. Lualemana*, 17 A.S.R.2d 10, 14 (App. Div. 1990).

1. Likelihood of success on appeal. Apparently, defendants still maintain that there are factual issues properly determined only by trial on the merits. We disagree. Defendants identify factual issues which are not genuinely material to the legal issues raised by this action. We properly resolved this action by ruling on those legal issues.

We are also confident that our rulings are correct and do not present novel or difficult questions of law justifiably requiring preservation of the status quo until the appeal is decided. In general terms, those issues concern: (1) the finality of the 1958-1960 condemnation proceedings taking the land for the Pago Pago International Airport; (2) the retroactive effect of the 1989 modification of the condemnation laws to require use for the stated public purpose within five years after the taking; and (3) oral gubernatorial promises to return or lease the land to the original communal landowner.

2. Irreparable harm. We do not find any irreparable harm to either party in the present situation in the event a stay of execution is either granted or denied. However, we must still balance the relative hardships and other equities.

After this court's decision on June 27, 1995, plaintiff proceeded with plans to construct a stadium on the land at issue in time for the South Pacific mini games scheduled to take place in American Samoa in 1997. Although defendants appealed this decision on July 7, 1995, they did not ask to stay execution of the judgment until September 13, 1996. Plaintiff has now prepared the playing field, at considerable effort and expense, and is ready to erect the grandstand to the extent available funds allow.

While the improvements in progress certainly impact the land, defendant's hardships are not irreparable. If defendants prevail, or if plaintiff ever decides to return the land, they can certainly put the improvements to good use in their self-interests, or they can have the improvements removed without permanent harm to the land. Plaintiff, on the other hand, does not have any other area suitable for the contemplated sports facilities and will be needlessly harmed by failing to adequately fulfill its commitment to other Pacific island nations and territories to host the 1997 mini games. An element of wasted public resources is also present. Plaintiff might well have considered alternatives, but for defendant's 14-month delay in seeking a stay.

Thus, we think that on balance the greater hardships fall on plaintiff's side of the ledger.

30

3. Public interests. The general public of American Samoa has a legitimate interest in expecting plaintiff to successfully host the mini games in 1997. The people's interests in this regard certainly exceed defendants' interests in immediately preventing further development of the stadium complex.

For these reasons, we deny the application for a stay of execution of the judgment pending appeal.

It is so ordered.